UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Steven London,

        Plaintiff,


        v.                                  10-1331


Peoria County Jail,

        Defendant.


MERIT REVIEW ORDER


       The court is required by 28 U.S.C. Section 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."


       The court has reviewed the plaintiff's complaint, which is actually a letter docketed as a complaint by the clerk of the court. The plaintiff, Steven London, filed a letter dated October 20, 2010 addressed to the "U. S. District Courts." The plaintiff did not name a defendant, but the clerk of the court docketed the Peoria County Jail as a defendant on the docket. In his letter, the plaintiff advises the court that he is being held in the Peoria County Jail on "hand written court papers from the Peoria County Courts of the Tenth Judicial Circuit." He advises the court that he is asking for help because "they" said he raped his girlfriend. The plaintiff attached documents from the State of Illinois, Peoria County, Circuit Court of the Tenth Judicial Circuit. A review of those documents shows that on January 27, 2010, the plaintiff was charged with criminal sexual assault and aggravated criminal sexual assault. Further, his bond was set at $150,000.00.   Apparently, the plaintiff is proceeding in state court for the criminal charges. The plaintiff believes the documents are forgeries and he wants to file a lawsuit for these "crimes."


       Federal courts must abstain from interfering with state court criminal proceedings involving important state interests.  See *Stroman Realty, Inc., v. Martinez*, 505 F.3d 658, 662 (7th Cir.2007).  *See also, Younger v. Harris*, 401 U.S. 37, 45 (1971), which calls for federal courts' noninvolvement with ongoing state prosecutions.

It is ordered:

1.  Pursuant to 28 U.S.C. Section 1915A, Fed. R. Civ. Pro. Rule 12(b)(6), *Stroman* and *Younger,* the plaintiff's complaint is dismissed in its entirety.

2.  Further, because the plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as a strike against the plaintiff under the "three strikes" provision of 28 U.S.C. 1915(g).  The clerk of the court is directed to record the strike in the three strikes log.

3.  Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full.  *See* 28 U.S.C.A. § 1915(b)(1).  The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office.  Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

4.  If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)(C).  If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Enter this 10th day of November 2010.

/s/ Joe B. McDade

_____

Joe Billy McDade
Sr. United States District Judge